UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

THOMAS J. BOUTTE,                          §
                                           §
          Plaintiff,                       §
VS.                                        §      CIVIL ACTION NO. 3:13-CV-166
                                           §
YAMAHA MOTOR CORPORATION,                  §
U.S.A., *et al*,                           §
                                           §
          Defendants.                      §

## MEMORANDUM AND ORDER

This is an offshore injury case with a complicated procedural history but, in this Court at least, a straightforward resolution. In August 2010, Plaintiff Thomas Boutte was allegedly injured in Louisiana state waters when the vessel he was captaining collided with a barge. He then filed suit in state court against his employer and two other Defendants. In February 2013, after his suit had been pending for over two years, Boutte amended his petition to add Yamaha Motor Corporation, U.S.A. as a Defendant. Boutte alleges that one of the Yamaha outboard motors on his vessel was defective and caused the barge collision that resulted in his injury.

Yamaha removed the case to this Court in April 2013, arguing that federal jurisdiction exists under the Outer Continental Shelf Lands Act (OCSLA) because Boutte's vessel was being used in coastal waters as part of the Deepwater Horizon oil spill cleanup. Boutte moved to remand, arguing that Yamaha's removal was

1

not timely and that there is no basis for subject matter jurisdiction.  The Court has considered the briefing and argument of counsel, the applicable law, and the facts of this case, and concludes that federal jurisdiction is lacking because the facts underlying Boutte's complaint did not occur on Outer Continental Shelf situs.  The Court therefore **GRANTS** the motion to remand.

## I.   BACKGROUND

In August 2010, Boutte was employed as a captain aboard the M/V Ms. Wanda, a 30-foot crew boat owned by Oilfield Marine Contractors, LLC.[1]  At that time, the Ms. Wanda was being used to deliver laborers and supplies as part of Defendant BP Exploration & Production, Inc.'s response efforts to the Deepwater Horizon oil spill disaster.  The vessel was powered by two Yamaha 250 4-stroke outboard motors.  Boutte alleges that, while the vessel was deployed on inland Louisiana waters working with the response effort, the portside Yamaha motor failed, causing the vessel to collide with a barge.  Boutte claims he suffered severe neck, back, and left shoulder injuries as a result of the collision.

Boutte brought a Jones Act suit in state court in December 2010 against Oilfield Marine Contractors.  *See* Docket Entry No. 1-3.  He then amended his petition in February 2011 to add claims against BP and a Louisiana corporation named ES&H, Inc.  *See* Docket Entry No. 1-5.  The case was stayed for nearly two

---

[1] Except where noted, the Court presents this background in accordance with the well-pleaded facts in Plaintiffs' state court petition.

2

years pending the outcome of a limitation of liability suit that Oilfield filed in federal court.  Finally, on Feburary 22, 2013, after Boutte settled with Oilfield and the stay was lifted, Boutte amended his state court petition again to dismiss all claims against Oilfield and ES&H and to add product defect and negligence claims against Yamaha.  *See* Docket Entry No. 1-8.  Yamaha was served on April 1, 2013 and removed the case to this Court on April 30, 2003.  Boutte's motion to remand is now ripe for decision.

## II.  LEGAL STANDARD

Federal courts have removal jurisdiction over state court actions that could have originally been brought in federal court.  *See* 28 U.S.C. § 1441(a).  The burden of establishing jurisdiction is on the removing party.  *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  Any doubts as to the propriety of removal should be construed strictly in favor of remand.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

## III.  DISCUSSION

Much of the parties' briefing concerns whether Yamaha's removal of the case was timely, either under the "first-served defendant" rule that long prevailed in the Fifth Circuit or the "last-served defendant" rule that is applicable subsequent to Congress's 2011 amendments to the removal statute.  *See Noland v. Energy Res.*

3

*Tech., Inc.*, No. 3:12-cv-00330, 2013 WL 177446, at *2 (S.D. Tex. Jan. 16, 2013) (discussing these rules and their application).  However, the Court need not enter this procedural thicket.  Boutte's motion to remand must be granted for a more foundational reason: OCSLA does not provide federal jurisdiction over this case.

In relevant part, OCSLA's jurisdictional grant, 43 U.S.C. § 1349(b)(1), gives this Court "jurisdiction of cases and controversies arising out of, or in connection with . . . any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, or the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals."  43 U.S.C. § 1349(b)(1).  The Fifth Circuit recently stated that the test for whether a cause of action arises under OCSLA jurisdiction is "a but-for test, asking whether (1) the facts underlying the complaint occurred on the proper situs; (2) the plaintiff's employment furthered mineral development on the OCS; and (3) the plaintiff's injury would not have occurred but for his employment."  *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013).[2]

Boutte alleges that he was injured when his vessel collided with a barge in state waters.  He claims the collision occurred due to BP's negligent supervision of the response efforts and to Yamaha's defective motors.  These allegations relate to

---

[2] The process by which courts determine whether removal jurisdiction exists under OCSLA is an exception to the well-pleaded complaint rule, which normally requires a federal question to appear on the face of the complaint.  *See In Re BP P.L.C. Sec. Lit.*, No. 10-md-2185, No. 4:12-cv-1836, 2012 WL 4739673, at *2 (S.D. Tex. Oct. 1, 2012) (citing *Amoco Prod. Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1205 (5th Cir. 1988)).

facts not occurring on the OCS.  Accidents that occur on navigable waters, even those over the OCS itself, do not occur on an OCS situs.  *See Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 218 (1986) (holding that OCSLA did not extend to cover a helicopter crash on navigable waters over the OCS).  And, unlike cases where a worker on a vessel in navigable waters is injured while working on an adjacent OCS rig, the connection to the Deepwater Horizon oil rig in this case is too attenuated for this Court to hold that the facts underlying the complaint occurred on the OCS.[3]  *Cf. Wells v. Abe's Boat Rentals, Inc.*, No. H-13-1112, 2013 WL 3110322, at *4 (S.D. Tex. June 18, 2013) (finding OCSLA jurisdiction where the plaintiff was working on a vessel but injured while transferring materials to an OCS platform).  Thus, the first element of *Barker*'s jurisdictional test is not met, and jurisdiction is lacking.

Yamaha concedes that the accident that caused Boutte's injury did not occur on the OCS, but it argues that this fact does not deprive the Court of jurisdiction.  It contends that *Barker* imposes a causation requirement rather than a strict situs-of-injury requirement.  In Yamaha's view, jurisdiction exists even though Boutte's

---

[3] Yamaha cites a number of recent district court cases finding OCSLA jurisdiction over suits arising out of the Deepwater Horizon oil spill.  However, the claims in those cases are distinguishable because they rested on allegations concerning conditions or events taking place on the rig itself.  *See, e.g.*, *In Re BP P.L.C. Sec. Lit*, 2012 WL 4739673, at *1 (suit for allegedly false statements relating to BP's actions on the rig and the blown-out well's spill-rate); *In re: Oil Spill by the Oil Rig "Deepwater Horizon,"* 747 F. Supp. 2d 704, 706, 708 (E.D. La. 2010) (suit for destruction of wildlife caused by oil spilled from the rig and blown-out well).  In this case, by contrast, none of the alleged material facts took place on the rig.

injury occurred off the OCS because it would not have occurred "but for" the explosion on the Deepwater Horizon oil rig.  In support of this argument, Yamaha cites the Supreme Court's recent decision in *Pacific Operators Offshore, LLP v. Valladolid*, 132 S. Ct. 680 (2012), which addressed OCSLA's workers' compensation provision, 43 U.S.C. § 1333(b).  That provision extends coverage under the Longshore and Harbor Workers' Compensation Act to employee injuries "occurring as the result of" mineral development operations on the OCS.  43 U.S.C. § 1333(b).  In *Valladolid*, the Supreme Court rejected the Fifth Circuit's rule limiting section 1333(b) coverage to injuries occurring on the OCS, instead ruling that the location of the injury is not controlling and the injury need only have "a significant causal link" to OCS operations.  *Valladolid*, 132 S. Ct. at 686–89, 691.  Yamaha's contention is that the jurisdictional provision in section 1349(b) must be read in light of the *Valladolid* court's interpretation of section 1333(b), and is in fact more broadly worded.  *Compare* 43 U.S.C. § 1349(b)(1) (granting jurisdiction over cases "arising out of, or in connection with" OCS operations); *with* 43 U.S.C. § 1333(b) (extending workers' compensation coverage to employee injuries "occurring as the result of" OCS operations).

The problem with this argument is that *Barker* is a post-*Valladolid* case, and it sets forth a jurisdictional test that unambiguously includes a situs requirement. In doing so, it impliedly reaffirmed the rationale of pre-*Valladolid* Fifth Circuit

case law rejecting Yamaha's interpretation and holding that section 1349(b) jurisdiction only extends to accidents occurring on the OCS. In *Golden v. Omni Energy Services Corp.*, 242 F. App'x 965 (5th Cir. 2007), the Fifth Circuit held that section 1349(b)(1) did not provide jurisdiction over a suit for injuries the plaintiff suffered when his helicopter crashed on land en route to an OCS platform. *Id.* at 967–68. *Golden* has been criticized by both judges and academics. *See, e.g.*, *W & T Offshore, Inc. v. Apache Corp.*, --- F. Supp. 2d ---, No. H-11-2931, 2013 WL 164090, at *10 & n.4 (S.D. Tex. Jan. 15, 2013) (stating that the section 1349(b) test is "generally not seen as having a situs requirement" while noting *Golden*'s contrary holding); David W. Robertson & Michael F. Sturley, *Recent Developments in Admiralty and Maritime Law at the National Level and in the Fifth and Eleventh Circuits*, 33 TUL. MAR. L.J. 381, 464 (2009) (stating that the *Golden* court "provide[d] no policy reasoning and cite[d] no authority that supports reading such a situs requirement into § 1349(b)(1)" and citing the case as an example of "[t]he unsatisfactory state of the Fifth Circuit's OCSLA jurisprudence"). Moreover, *Golden* was unpublished, and a number of post-*Valladolid* district court opinions declined to follow its conclusions. *See W&T Offshore*, 2013 WL 164090, at *10 & n.4; *In Re BP P.L.C. Sec. Lit.*, No. 10-md-2185, No. 4:12-cv-1836, 2012 WL 4739673, at *5 (S.D. Tex. Oct. 1, 2012) ("The fact that section 1333[a] contains situs requirements only underscores that, if

7

Congress meant for section 1349(b)(1) to contain a situs requirement, it knew how to include one." (citing *Valladolid*, 132 S. Ct. at 688)).

Notwithstanding this criticism, and without discussing the potential impact of *Valladolid*, the Fifth Circuit in *Barker* followed *Golden* by stating that section 1349(b)(1) only grants jurisdiction over cases in which the facts underlying the complaint occurred on the OCS.  *See Barker*, 713 F.3d at 213.  *Barker*, unlike *Golden*, is binding on this Court.  Whatever the wisdom of a situs requirement, this Court must apply one.  The Court thus holds that, because the facts underlying Boutte's complaint did not occur on the OCS, OCSLA does not grant this Court jurisdiction to hear this case.

### IV.   CONCLUSION

Because the Court determines that subject matter jurisdiction is lacking, it **GRANTS** Plaintiff's Motion to Remand (Docket Entry No. 3) and **REMANDS** this case to the County Court at Law Number Three of Galveston County, Texas.

**IT IS SO ORDERED**.

**SIGNED** this 22nd day of July, 2013.

_____
Gregg Costa
United States District Judge

8